DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Albert L. Windham, Jr. has appealed from his conviction in the Wayne County Court of Common Pleas of trafficking in drugs. This Court affirms.
 I {¶ 2} Defendant-Appellant Albert L. Windham, Jr. was indicted on August 18, 2004 on one count of trafficking in drugs, in violation of R.C. 2925.03, a felony of the fifth degree. Appellant was arraigned on September 22, 2004 and entered a not guilty plea.
 {¶ 3} On November 17, 2004 Appellant changed his plea to guilty. On January 4, 2005, the trial court sentenced Appellant to eleven months incarceration. The court also imposed a five year license suspension on Appellant.
 {¶ 4} Appellant has timely appealed, asserting three assignments of error.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A TERM GREATER THAN THE MINIMUM SENTENCE."
 {¶ 5} In his first assignment of error, Appellant has argued that the trial court erred in sentencing him to a term greater than the minimum sentence. Specifically, Appellant has argued that pursuant to R.C. 2929.14(A), the trial court was required to impose the minimum prison term authorized by statute unless it found that one of the factors enumerated in R.C.2929.14(B)(1)-(2) existed. Appellant has argued that the trial court failed to make such findings and justify those findings on the record at the sentencing hearing pursuant to State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, abrogated by State v.Foster, ___ Ohio St.3d ___, 2006-Ohio-856. Instead, Appellant has argued, the trial court imposed a greater than minimum sentence solely based on the community's ire towards crack cocaine in the community and those who sold it. We disagree.
 {¶ 6} On February 27, 2006, the Ohio Supreme Court issued two decisions which directly impact Appellant's arguments on appeal. In State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, the Court found that Ohio's sentencing structure was unconstitutional to the extent that it required judicial fact finding. Id. at paragraphs one through seven of the syllabus. In constructing a remedy, the Court excised the portions of the statute it found to offend the Sixth Amendment and thereby granted full discretion to trial court judges to sentence defendants within the bounds prescribed by statute. See Id.; State v. Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309, at ¶ 19. The Court specifically targeted and excised R.C. 2929.14(B) and (C) as contrary to the Constitution.
 {¶ 7} In a companion case to Foster, State v. Mathis,
___ Ohio St.3d ___, 2006-Ohio-855, the Court reiterated that a trial court is now only required to make factual findings when it seeks to impose "a downward departure from a presumptive jail term."Dudukovich at ¶ 20, citing Mathis at paragraph one of the syllabus. Applying Mathis to the instant matter, the trial court was not required to make any findings, as it did not depart downward. Dudukovich at ¶ 20. Furthermore, because the Foster
Court excised R.C. 2953.08(G), which allowed appellate courts to remand matters back to the trial court to make statutory findings, an appellant "may not premise error on the alleged procedural deficiencies of the trial court's sentencing entry." Id.
 {¶ 8} Appellant's first assignment of error lacks merit.
 Assignment of Error Number Two
"THE TRIAL COURT ERRED BY NOT FOLLOWING THE STATUTORY REQUIREMENTS FOR SENTENCING CONTAINED IN R.C. 2929.01, ET SEQ
[sic]."
 {¶ 9} In his second assignment of error, Appellant has argued that the trial court erred in that it failed to consider the statutory factors enumerated in the general guidance statutes, R.C. 2929.11 and 2929.12 and furthermore failed to articulate them at the sentencing hearing pursuant to Comer. We disagree.
 {¶ 10} We note at the outset of the analysis that Foster's
proscription of judicial fact finding in criminal sentencing does not affect Appellant's argument based on the general guidance statutes. In fact, the Foster Court made special note that "there is no mandate for judicial factfinding in the general guidance statutes. The court is merely to `consider' the statutory factors." Foster at ¶ 42. Therefore, post-Foster,
trial courts are still required to consider the general guidance factors in their sentencing decisions.
 {¶ 11} However, Foster did modify an appellate court's standard of review concerning sentencing. Pre-Foster, an appellate court could increase, reduce, modify or vacate and remand a sentence if it found, by clear and convincing evidence, that the record did not support the trial court's findings of fact or that the sentence was otherwise contrary to law. R.C.2953.08(G)(2). The Foster Court's removal of R.C. 2953.08(G)(2) from the statutory sentencing scheme eliminated the clear and convincing standard and left a void concerning the applicable standard of review in sentencing matters.
 {¶ 12} The Foster Court "concluded that trial courts have full discretion to impose a prison sentence within the statutory range" and "vest[ed] sentencing judges with full discretion" in sentencing. Foster at ¶ 100. Therefore, we conclude that post-Foster, this Court reviews felony sentences under an abuse of discretion standard. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 13} The record indicates that the trial court considered all of the aspects of the general guidance statutes. In its January 4, 2005 journal entry, the trial court specifically stated that it had considered the purposes and principles of sentencing under R.C. 2929.11, the seriousness and recidivism factors relevant to the offense and offender pursuant to R.C.2929.12, and the need for deterrence, incapacitation, rehabilitation and restitution. The court further found that a prison sentence was consistent with the principles of sentencing under R.C. 2929.11, that a prison sentence was commensurate with the seriousness of the offender's conduct, the impact on the community, and that it was reasonably necessary to deter Appellant in order to protect the public from future crime. The court went on to state that Appellant demonstrated no genuine remorse for his conduct.
 {¶ 14} The court's considerations are substantiated by the transcript of the sentencing hearing. When provided an opportunity to make a statement, Appellant abstained from doing so. He did not indicate any genuine remorse for his actions, did not demonstrate any concern for the harm he potentially caused as a "go-between" for crack cocaine transactions and did not provide any insight as to why he opted to operate outside the bounds of the law.
 {¶ 15} At the sentencing hearing, the trial court made the following statement:
"This offense involved the sale of crack cocaine. And in the past year we have seen a dramatic rise in the sale of crack cocaine in this community. And it's the position of the Court that the community is tired of drugs and tired of crack and tired of people who sell it. So the Court sentences you to 11 months[.]"
 {¶ 16} It appears to this Court that the trial court's statement at the sentencing hearing was guided by the overriding purposes of felony sentencing — to protect the public from future crime by the offender and others and to punish the offender. R.C.2929.11.
 {¶ 17} Based on the transcript of the sentencing hearing and the subsequent judgment entry, this Court cannot find that the trial court acted unreasonably, arbitrarily, or unconscionably in its sentencing Appellant to eleven months incarceration. Such a sentence was within the statutory range for a felony of the fifth degree and as stated above, post-Foster, trial courts have been vested with full discretion to impose sentences within the statutory range.
 {¶ 18} Finally, Appellant has argued strenuously thatComer's holding required that the trial court articulate on the record its findings and justifications for imposing more than the minimum sentence. In his briefs, Appellant has apparently extended Comer's holding to include articulating the statutory considerations of R.C. 2929.11 and 2929.12. Appellant's reliance on Comer for such inclusion is misplaced.
 {¶ 19} First, Comer's holding never applied to the considerations included in the general guidance statutes. Comer
specifically limited the required fact finding to instances where the trial court sought to impose consecutive or non-minimum sentences. See Comer at ¶¶ 20 and 26. Second, Comer required judicial fact finding to be made on the record. Id. at ¶ 26. That being the case, Foster has made it clear that the statutory considerations under R.C. 2929.11 and 2929.12 do not constitute judicial fact finding, but are instead simply considerations to be taken into account when sentencing. Foster at ¶ 42. We think the distinction is significant. Third, in Mathis, the Court specifically stated that the judicial fact finding mandated byComer "no longer survives." Mathis at ¶ 26.
 {¶ 20} Furthermore, as noted in our discussion of Appellant's first assignment of error, the Mathis Court's clarification that the only findings of fact a trial court must make on the record are those when it seeks to impose a downward departure further substantiates our opinion that the considerations under R.C. 2929.11 and 2929.12 are not required to be articulated at the sentencing hearing.
 {¶ 21} Appellant's second assignment of error lacks merit.
 Assignment of Error Number Three
"APPELLANT'S SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS DENIED BY THAT [sic] TRIAL COUNSEL'S FAILURE TO ADEQUATELY SAFEGUARD APPELLANT'S INTEREST."
 {¶ 22} In his third assignment of error, Appellant has argued that his trial counsel's failure to object to the imposition of a greater than minimum sentence constituted ineffective assistance of counsel. Specifically, Appellant has argued that if trial counsel had objected to the court's failure to recite its findings and reasons on the record for its imposition of a greater than minimum sentence, the resulting sentence would have been different, and thus, Appellant was prejudiced.
 {¶ 23} A claim of ineffective assistance of counsel requires Appellant to satisfy a two prong test. First, Appellant must prove that trial counsel's performance was deficient. Stricklandv. Washington (1984), 466 U.S. 668, 687. That is, Appellant "must show that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed Appellant by the Sixth Amendment." State v. Srock, 9th Dist. No. 22812,2006-Ohio-251, at ¶ 20, citing Strickland, 466 U.S. at 687. Second, Appellant must "demonstrate that he was prejudiced by his trial counsel's deficient performance." Id. at ¶ 21. Prejudice entails "a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus, certiorari denied (1990), 497 U.S. 1011,110 S.Ct. 3258, 111 L.Ed.2d 768. Further, an appellate court need not analyze both prongs of the Strickland test if it finds that Appellant failed to prove either. State v. Ray, 9th Dist. No. 22459, 2005-Ohio-4941, at ¶ 10. Finally, Appellant must overcome a strong presumption that licensed attorneys in Ohio are competent. State v. Smith (1985), 17 Ohio St.3d 98, 100.
 {¶ 24} First, we must note that "trial counsel's failure to make objections is within the realm of trial tactics and does not establish ineffective assistance of counsel." State v. Taylor,
9th Dist. No. 01CA007945, 2002-Ohio-6992, at ¶ 76. Second, as discussed in Appellant's second assignment of error, the trial court was not required to recite its considerations of the general guidance factors at the sentencing hearing. Therefore, it was not necessary for trial counsel to object to the court's failure to do so. Third, given our disposition of Appellant's arguments concerning the failure to articulate the R.C.2929.14(B) factors and our proclamation that an appellant may not premise error on alleged procedural deficiencies in the sentencing process, we find that the sentence handed down was proper, and that Appellant has failed to show how, absent counsel's failure to object, the sentence would have been different.
 {¶ 25} Appellant's third assignment of error lacks merit.
 III {¶ 26} Based on the foregoing, Appellant's three assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J., Moore, J., concur.