OPINION
{¶ 1} Defendant-appellant, Timothy Endicott ("Endicott") appeals the sentence imposed by the Marion County Court of Common Pleas. For the reasons which follow, we affirm the judgment of the trial court.
 {¶ 2} Endicott and another individual named David Dillinger entered the Dew Drop Drive Thru with a knife and ordered two employees into a cooler. Endicott and Dillinger then broke a cash register and stole money from the register. A law enforcement officer later arrested Endicott. Sometime while Endicott was in police custody, he was taken to Marion General Hospital. At the hospital, Endicott knocked down a law enforcement officer in order to escape, and he escaped from police custody. Shortly thereafter, Endicott was rearrested.
 {¶ 3} On February 22, 2006, the grand jury indicted Endicott for six counts which included: counts one and two of kidnapping, violations of R.C. 2905.01(A)(2)/(C) and second degree felonies; count three of aggravated robbery, in violation of R.C.2911.01(A)(1)/(C) and a first degree felony; count four of vandalism, in violation of R.C. 2909.05(B)(1)(b)/(E) and a fifth degree felony; count five of escape, in violation of R.C.2921.34(A)(1)/(C)(2)(c) and a second degree felony; and count six of assault, in violation of R.C. 2903.13(A)/(C)(2)(d) and a fifth degree felony.
 {¶ 4} On April 12, 2006, Endicott changed his plea from "not guilty" to "guilty" to all six counts. Thereafter, the trial court sentenced Endicott to seven years imprisonment for count one; seven years imprisonment for count two; eight years imprisonment for count three; eleven months imprisonment for count four; two years imprisonment for count five; and six months imprisonment for count six. The trial court further ordered the sentences in counts one, two, three, four and six be served concurrently to each other but consecutively to count five. The trial court also ordered the sentence to be served consecutively to a six month sentence ordered in Marion County Case No. 05-CR-077. Thus, the trial court sentenced Endicott to a total term of ten years and six months imprisonment.
 {¶ 5} It is from this sentence that Endicott appeals and sets forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I THE TRIAL COURT ERRED IN SENTENCING DEFENDANT-APPELLANT TOMORE THAN MINIMUM, CONCURRENT SENTENCES BASED UPON LANGUAGECLEARLY STATED IN OHIO REVISED CODE 2929.14.
 {¶ 6} In his sole assignment of error, Endicott argues that although judges are no longer required to make the required findings recited in R.C. 2929.14(B)(1) and (2), the language used in R.C. 2929.14(B) indicates a legislative intent to favor the imposition of minimum prison terms for first time offenders. Endicott further argues that the prison term imposed by the trial court resulted in a harsh term of imprisonment.
 {¶ 7} The Ohio Supreme Court has held R.C. 2929.14(B) unconstitutional. State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, at paragraph one of the syllabus. The court also severed and excised R.C. 2929.14(B) from the statute. Foster, 2006-Ohio-856, at ¶ 97. As a result, this court cannot use the language found in R.C. 2929.14(B) as a basis to determine legislative intent.
 {¶ 8} In Foster, the court stated that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 2006-Ohio-856, at ¶ 100. Consequently, an appellate court now reviews a defendant's sentence under an abuse of discretion standard. State v.Windham, 9th Dist. No. 05CA0033, 2006-Ohio-1544, at ¶ 12. Abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Id., citingBlakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 9} In the present case, the trial court sentenced Endicott within the applicable ranges of imprisonment for the various felonies of the first, second, and fifth degrees for which Endicott pled guilty. Given the facts and circumstances of this case, we find the trial court did not abuse its discretion in sentencing Endicott to a total term of ten years and six months imprisonment. Endicott's sole assignment of error is, therefore, overruled.
 {¶ 10} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Bryant, P.J., and Shaw, J., concur.