DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Brent Bailey has appealed from his sentence for aggravated vehicular homicide in the Medina County Court of Common Pleas. This Court affirms.
 I {¶ 2} On September 14, 2005, Defendant-Appellant Brent Bailey was indicted in the Medina County Court of Common Pleas on two counts of aggravated vehicular homicide: one count in violation of R.C.2903.06(A)(1), a felony of the second degree; and one count in violation of R.C. 2903.06(A)(2), a felony of the third degree. On February 27, 2006, Appellant pled guilty to all counts contained in the indictment. On April 10, 2006, Appellant was sentenced to seven years in prison based on the second degree felony.
 {¶ 3} Appellant has timely appealed, asserting two assignments of error.
 II Assignment of Error Number One "THE TRIAL COURT DID NOT PROPERLY CONSIDER MR. BAILEY'S STATEMENT OF REMORSE."
 {¶ 4} In his first assignment of error, Appellant has argued that the trial court did not properly consider his statement of remorse in its sentencing considerations. Effectively, Appellant has argued that the trial court did not give the proper weight to his statement of remorse. This Court disagrees.
 {¶ 5} This Court reviews felony sentences for an abuse of discretion.State v. Windham, 9th Dist. No. 05CA0033, 2006-Ohio-1544, at ¶ 12. An abuse of discretion is "not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. Further, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 6} As stated above, Appellant has argued that the trial court's statements during sentencing prove that the court did not consider his statement of remorse. A review of the record indicates that Appellant's argument is without merit. The sentencing judge not only allowed Appellant to read his prepared statement, he also encouraged Appellant to talk to him without the aid of a prepared statement. Appellant did so. After conducting a discourse in which Appellant expressed his remorse, the sentencing judge told Appellant that it was important that he, the judge, hear Appellant. He then allowed Appellant to read his written statement.
 {¶ 7} Appellant has pointed specifically to the judge's statement that "If you want to read that, I'll listen. Reading things to me doesn't help me a lot in making a sentence [.]" First, nothing in the foregoing statement demonstrates that the judge failed to consider Appellant's statement of remorse. The weight given to any statement of remorse prepared or otherwise, is entirely within a judge's discretion. Nothing in the record indicates that the judge failed to consider the statement, only that reading a prepared statement of remorse did not "help [him] a lot in making a sentence." Secondly, taken in context with the entire transcript, it is clear to this Court that the judge's statement simply meant that he gave more weight to spontaneous statements than written ones. As stated above, the weight given to a statement of remorse is completely within the discretion of the sentencing judge.
 {¶ 8} Finally, Appellant has argued that the trial court told him that his statement of remorse would be futile for the court's sentencing consideration. The court did no such thing. It told him that Appellant's reading of a written statement would not help "a lot." Contrary to Appellant's assertions, the sentencing judge explicitly asked to hear from Appellant and told him how important it was that he be heard. It is clear from the record that the judge encouraged Appellant's spontaneous statement, allowed his written statement, and in no way expressed that Appellant's statements were an exercise in futility.
 {¶ 9} Ultimately, sentencing judges are vested with full discretion to impose a prison sentence within the statutory range. State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at ¶ 100; Windham at ¶ 12. The sentence imposed here was within the statutory range and nothing in the record indicates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons, 66 Ohio St.3d at 621.
 {¶ 10} Appellant's first assignment of error lacks merit.
 Assignment of Error Number Two "THE STATE VIOLATED MR. BAILEY'S SIXTH AMENDMENT RIGHT OF DUE PROCESS BY SENTENCING HIM BASED ON FACTORS NOT RELEVANT TO THE CRIME OR STATE LAW."
 {¶ 11} In his second assignment of error, Appellant has argued that the trial court engaged in judicial fact finding during sentencing in direct contravention of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856.
 {¶ 12} In the wake of Foster, this Court has held that when a defendant fails to raise a constitutional objection in the trial court, he is precluded from raising such an argument for the first time on appeal. State v. Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309, at ¶ 24. A review of the sentencing transcript reveals that Appellant failed to object in any manner to his sentence. As Appellant was sentenced after Foster was decided, he cannot now claim constitutional error in the absence of a timely objection below.
 {¶ 13} Appellant's second assignment of error lacks merit.
 III {¶ 14} Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
SLABY, P. J.
CARR, J.
CONCUR.