OPINION
{¶ 1} James W. Carter appeals from the judgment of the Portage County Court of Common Pleas, sentencing him to two years imprisonment for possession of cocaine. We affirm.
 {¶ 2} October 6, 2005, the Portage County Grand Jury indicted Mr. Carter for possession of cocaine, in violation of R.C. 2925.11(A) and (C)(4)(d), a second degree felony. October 11, 2005, Mr. Carter pled "Not Guilty." December 5, 2005, a plea *Page 2 
hearing was held. The state amended count one of the indictment to possession of cocaine, in violation of R.C. 2925.11(A) and (C)(4)(c), a third degree felony; and Mr. Carter entered a written plea of "Guilty" to the amended indictment.
 {¶ 3} February 27, 2006, sentencing hearing was held. Mr. Carter requested a minimum sentence of one year, noting in support his contrition, his large and supportive family, and his prior criminal record, which included only two traffic offenses, and minor misdemeanor possession of marijuana. The trial court remarked on the fact Mr. Carter had been arrested and charged with driving without a license and possession of marijuana in January 2006, which Mr. Carter admitted. Neither Mr. Carter nor his attorney noted that these charges had been dismissed February 10, 2006 — which fact the trial court would not have known, as the presentence report before it indicated the matter was "open." By a judgment entry filed March 2, 2006, the trial court found that Mr. Carter was not amenable to community control, and that imprisonment was appropriate. The trial court imposed a prison term of two years, along with a $5,000 fine, and six month driver's license suspension.
 {¶ 4} May 19, 2006, Mr. Carter moved to withdraw his "Guilty" plea, pursuant to Crim.R. 32.1. The trial court denied this motion May 31, 2006. June 7, 2006, Mr. Carter moved this court for leave to file a delayed appeal, pursuant to App.R. 5. By a judgment entry filed June 28, 2006, we granted leave. Mr. Carter assigns two errors:
 {¶ 5} "[1.] The trial court erred to the prejudice of the appellant when it sentenced him to more than the minimum prison term which sentence is contrary to law[.] *Page 3 
 {¶ 6} "[2.] The trial court violated appellant's due process rights when the sentence imposed was significantly greater than similarly situated criminal defendants[.]"
 {¶ 7} Under his first assignment of error, Mr. Carter argues that his more-than-minimum, two-year sentence for a third degree felony is unreasonable. In support, he cites to R.C. 2929.13(D), which grants trial courts discretion to impose community control sanctions upon certain felony offenders — including those who plead or are found guilty under Revised Code Chapter 2925 — upon the making of various findings. Mr. Carter asserts the record lacks the seriousness and recidivism factors outlined in R.C. 2929.12 which would justify the trial court giving him a more-than-minimum sentence, as a first-time felon.
 {¶ 8} Under his second assignment of error, Mr. Carter challenges his more-than-minimum sentence pursuant to R.C. 2929.11(B), which requires consistency in sentencing between similarly situated offenders committing similar crimes. Citing to various decisions by this and other Ohio appellate courts, he posits a presumption that first-time, low degree drug felons should receive minimum terms of imprisonment, or community control sanctions.
 {¶ 9} Prior to the landmark decision of the Supreme Court of Ohio inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, Ohio's appellate courts, applying R.C. 2953.08(G)(2), generally reviewed sentencing questions de novo. See, e.g., State v. Blake, 11th Dist. No. 2003-L-196,2005-Ohio-686, at ¶ 11. Sentences were modified, or vacated and remanded, if the appellate court found, "clearly and convincingly," that the trial court's findings under certain statutory sections were unsupported by the record, *Page 4 
R.C. 2953.08(G)(2)(a); or that, "the sentence [was] otherwise contrary to law." R.C. 2953.08(G)(2)(b).
 {¶ 10} Foster has changed the sentencing landscape. One of the sections set forth at R.C. 2953.08(G)(2)(a) — 2929.14(E)(4) — was excised by the Supreme Court as unconstitutional. Foster, at paragraphs three and four of the syllabus. R.C. 2929.14(D)(2)(e), also included in R.C. 2953.08(G)(2)(a), was rendered meaningless as the result of other excisions. See, e.g., Foster, at paragraphs five and six of the syllabus. The Supreme Court specifically held that R.C. 2953.08(G), "insofar as it refers to the severed sections, no longer applies."Foster at ¶ 99. The imposition of more-than-minimum, maximum, or consecutive sentences is now only to be reviewed for abuse of discretion. Cf. Foster, at paragraph seven of the syllabus. See, also,State v. Fout, 10th Dist. No. 06AP-664, 2007-Ohio-619, at ¶ 10;State v. Schweitzer, 3d Dist. No. 2-06-25, 2006-Ohio-6087, at ¶ 18-19;State v. Kerr, 6th Dist. No. WD-05-080, 2006-Ohio-6058, at ¶ 34;State v. Firouzmandi, 5th Dist. No. 2006-CA-41, 2006-Ohio-5823, at ¶ 29; State v. Dossie, 9th Dist. No. 23117, 2006-Ohio-5053, at ¶ 23-25;State v. Windham, 9th Dist. No. 05CA0033, 2006-Ohio-1544, at ¶ 5-8, 12.
 {¶ 11} However, we cannot agree with those courts holding that the appellate sentencing statute, R.C. 2953.08(G)(2), is entirely dead. See, e.g., Firouzmandi at ¶ 37; Windham at ¶ 11; cf. Dossie at ¶ 25.Foster merely removed its application to the severed sections of the statutory sentencing structure. Foster at ¶ 99. Consequently, we cannot agree that abuse of discretion is the sole standard to be applied when reviewing sentencing questions. See, e.g., State v. Slone, 2d Dist. Nos. 2005 CA 79 and 2006 CA 75, 2007-Ohio-130, at ¶ 7; Schweitzer at ¶ 19;Dossie at ¶ 25; Windham *Page 5 
at ¶ 12. Indeed, shortly after the announcement of Foster, the Supreme Court specifically stated that, "* * * the sentencing review statute, R.C.2953.08(G), remains effective, although no longer relevant with respect to the statutory sections severed by Foster." State v. Saxon,109 Ohio St.3d 176, 2006-Ohio-1245, at ¶ 4, fn. 1.
 {¶ 12} Rather, our review seems now, like Gaul, to be divided into three parts. Questions of law we review, as always, de novo. The de novo and clear and convincing standards continue to apply to those parts of the statutory sentencing structure unaffected by the Foster excisions; for instance, downward departures pursuant to R.C. 2929.13(D), and judicial release pursuant to R.C. 2929.20(H). State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, paragraph two of the syllabus. Finally, imposition of more-than-minimum, maximum, or consecutive sentences is reviewed for abuse of discretion. Cf. Foster, at paragraph seven of the syllabus. Regarding this last standard, we recall the term "abuse of discretion" is one of art, essentially connoting judgment exercised by a court which neither comports with reason, nor the record. See, e.g.,State v. Ferranto (1925), 112 Ohio St. 667, 676-678. See, also,Firouzmandi at ¶ 54-56; accord, State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, at ¶ 46-49.
 {¶ 13} Under his first assignment of error, Mr. Carter contends the trial court misapplied the seriousness and recidivism factors set forth under R.C. 2929.12. He contends there are no factors indicating his crime was "more serious than conduct normally constituting the offense[,]" R.C. 2929.12(B); or that he "is likely to commit future crimes[.]" R.C. 2929.12(D). He believes the factors indicating a low propensity to reoffend predominate. R.C. 2929.12(E). *Page 6 
 {¶ 14} R.C. 2929.12 retains its vitality under Foster. See, e.g.,Mathis at ¶ 38. Consequently, we continue to review challenges made under it by the de novo standard. See, e.g., State v. Ramos, 3d Dist. No. 4-06-24, 2007-Ohio-767, at ¶ 19-24.[1] Our review of the record in this case does not, "clearly and convincingly[,]" show that the trial court's conclusions were unsupported, or otherwise in error. R.C.2953.08(G)(2).
 {¶ 15} We agree with Mr. Carter that none of the exacerbating factors relative to seriousness set forth at R.C. 2929.12(B) are present. We further agree that one of the R.C. 2929.12(C) factors mitigating seriousness is present: there is no indication that he caused or expected to cause harm to another, or to property.
 {¶ 16} However, three of the five factors indicating a propensity to recidivism are present.
 {¶ 17} R.C. 2929.12(D)(2) requires the court to consider an offender's previous criminal record. Mr. Carter had previously been convicted of or pled guilty to misdemeanor possession of marijuana.
 {¶ 18} R.C. 2929.12(D)(4) requires consideration of whether "[t]he offender has demonstrated a pattern of drug * * * abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug * * * abuse." Again, Mr. Carter had previously been convicted of or pled guilty to possession of marijuana, and was charged with possession of that substance again, during the pendency of this case. At the sentencing hearing, *Page 7 
the trial court specifically commented on this last point. There is nothing in the record indicating he was undergoing treatment for this (evidently escalating) problem.
 {¶ 19} It might be argued the dismissal of the marijuana possession charge filed against Mr. Carter between the times of his plea and his sentencing militates against its use by the trial court in determining recidivism. However, nothing in the record indicates the dismissal was brought to the trial court's attention. Certainly, neither Mr. Carter nor his counsel mentioned this at the sentencing hearing, and the presentence report indicates the case was "open." Mr. Carter has moved us to supplement the record of this appeal with the docket for the dismissed case. However, a court of appeals is generally forbidden from considering matters not in the record before the trial court. State exrel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 730.
 {¶ 20} R.C. 2953.08(G)(2) requires either that we find, "clearly and convincingly[,]" error by the trial court before modifying or reversing a sentence, or error of law. "Clear and convincing evidence is that measure or degree of proof * * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The trial court's possible consideration of a drug arrest not resulting in conviction for sentencing purposes under R.C.2929.12 is hardly "clear and convincing" evidence of error. No contrary authority being presented to us, we can hardly find it error of law.
 {¶ 21} Finally, R.C. 2929.12(E)(5) mandates the trial court consider whether the offender shows "genuine remorse." Mr. Carter apologized for his conduct at his sentencing. However, the trial court might very well discount this apology, in view of the *Page 8 
drug arrest occurring during this case. In any case, the trial court is better situated to judge an offender's demeanor than we.McAdams at ¶ 13.
 {¶ 22} Similarly, at least three of the R.C. 2929.12(E) factors, indicating no propensity to re-offend, do not apply to Mr. Carter: R.C.2929.12(E)(2) (no criminal record); R.C. 2929.12(E)(4) (the crime is unlikely to recur); R.C. 2929.12(E)(5) (remorse). Mr. Carter had a criminal record; he had, at the time of sentencing, an ongoing substance abuse problem; his own actions indicate any remorse to be illusory.
 {¶ 23} A trial court has great latitude in applying the seriousness and recidivism factors, when sentencing. Cf. R.C. 2929.12(A). The trial court herein stated on the record that it had balanced these factors; and nothing in the record indicates that it erred.
 {¶ 24} The first assignment of error lacks merit.
 {¶ 25} Under his second assignment of error, Mr. Carter argues that his sentence violates R.C. 2929.11(B), which requires consistency between "sentences imposed for similar crimes committed by similar offenders." Mr. Carter cites to various opinions of this court, and other appellate courts, wherein minimalist terms of imprisonment, and/or community control sanctions, were affirmed for low degree drug offenders, and postulates an inadmissible inconsistency between his sentence of two years, and the shorter ones in those cases.
 {¶ 26} R.C. 2929.11 remains effective following Foster. Mathis
at ¶ 38. Consequently, we review challenges made pursuant to R.C. 2929.11
de novo, utilizing a clear and convincing standard. Cf. Saxon at ¶ 4, fn. 1. Our de novo review indicates the trial court's judgment was supported by the record, and is not tinged by error. *Page 9 
 {¶ 27} We have previously indicated that case-by-case comparisons, while possibly helpful to the courts in determining consistency for R.C.2929.11(B) purposes, are not controlling. State v. Ashley, 11th Dist. No. 2006-L-134, 2007-Ohio-690, at ¶ 29. However, as we stated inState v. Swiderski, 11th Dist. No. 2004-L-112, 2005-Ohio-6705, at ¶ 58: "* * * a consistent sentence is not derived from a case-by-case comparison; rather, it is the trial court's proper application of the statutory sentencing guidelines that ensures consistency [pursuant to R.C. 2929.11(B)]." The principle sections of the sentencing guidelines applicable to Mr. Carter's situation are the seriousness and recidivism considerations, set forth at R.C. 2929.12. Cf. Mathis at ¶ 38. We have already determined these were properly applied by the learned and experienced trial judge.
 {¶ 28} The second assignment of error is without merit.
 {¶ 29} The judgment of the Portage County Court of Common Pleas is affirmed.
DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.
[1] The issue is peculiar. R.C. 2929.12(A) confides discretion in the trial court "to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11[,]" through application of the seriousness and recidivism factors set forth at R.C. 2929.12. This would indicate intent by the General Assembly that appellate courts should review application of the R.C. 2929.12 factors for abuse of discretion. Nevertheless, this court has applied a de novo review under R.C. 2953.08(G)(2) to R.C. 2929.12 challenges. State v.McAdams, 162 Ohio App.3d 318, 2005-Ohio-3895, at ¶ 6-8. See, also,Blake at ¶ 11-12.