{¶ 27} I write separately to express dissatisfaction with the standard of review applied to this R.C. 2929.12 sentencing challenge. The Supreme Court of Ohio has expressly told us that, "the sentencing review statute, R.C. 2953.08(G), remains effective, although no longer relevant with respect to the statutory sections severed by Foster." State v.Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, at ¶ 4, fn. 1. R.C. 2929.12
remains viable post-Foster. State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, at ¶ 38. Consequently, we are required to apply R.C.2953.08(G)(2)(b), which mandates that appellate courts review the record, and determine, "clearly and convincingly," that appellant's sentence is "contrary to law."[1]
 {¶ 28} I respectfully note this seems to be the third standard promulgated by this court for the review of R.C. 2929.12 challenges since the announcement of Foster. In Anderson, supra at ¶ 9-11, we chose to apply an abuse of discretion standard. In State v. Carter, 11th Dist. No. 2006-P-0056, 2007-Ohio-4953, at ¶ 12-14, this writer applied a clear and convincing standard to the review of the record in an R.C. 2929.12
appeal. The present majority now retreats to abuse of discretion. We are undermining the vital principal of predictability in the law. *Page 9 
 {¶ 29} That being said, the record in this case indicates the trial court appropriately applied the R.C. 2929.12 factors. Consequently, I concur in judgment only.
[1] I believe the "clearly and convincingly" language in R.C.2953.08(G)(2) necessarily applies to our mandatory review of the sentencing record, and the findings required by R.C. 2953.08(G)(2)(a). "Clear and convincing" is an evidentiary standard, not a standard of appellate review. Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. However, it seems apparent that a sentence which is "clearly and convincingly" unsupported by the record must be "contrary to law." R.C. 2953.08(G)(2)(b). *Page 1