OPINION *Page 2 
{¶ 1} Defendant-appellant Charles Ayers appeals his sentence from the Tuscarawas County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 7, 2006, Scott Belknap went to a bar after work for a few drinks. As he started on his way home at approximately 1:00 a.m., he ran into appellant and Gerald Wildman, Jr. who were standing in an alley drinking wine. As he continued on his way, Belknap was hit, knocked out and robbed. His throat was slit and he later received twenty-three stitches from the middle of his neck to his ear. Belknap also was stabbed in the back and had to have two stitches beside his spine.
 {¶ 3} Due to the above incident, on September 20, 2006, the Tuscarawas County Grand Jury indicted appellant on two counts of attempted murder, one in violation of R.C. 2903.02(A) and R.C. 2923.02(A) and the other in violation of R.C. 2903.02(B) and R.C. 2923.02(B), both felonies of the first degree. Appellant also was indicted on one count of aggravated robbery in violation of R.C. 2911.01(A)(1) and one count of aggravated robbery in violation of R.C. 2911.01(A)(3), both felonies of the first degree, and one count of felonious assault in violation of R.C.2903.11(A)(1), a felony of the first degree, and another in violation of R.C. 2903.11(A)(2), a felony of the second degree. At his arraignment on September 21, 2006, appellant entered a plea of not guilty to the charges. *Page 3 
 {¶ 4} Subsequently, on December 5, 2006, upon appellee's oral motion, the indictment was amended to a single count of robbery in violation of R.C. 2911.02(A)(2),[1] a felony of the second degree. On the same date, appellant entered a plea of no contest to such charge and the trial court found him guilty.
 {¶ 5} As memorialized in a Judgment Entry filed on January 16, 2007, appellant was sentenced to eight (8) years in prison.
 {¶ 6} Appellant now raises the following assignment of error on appeal:
 {¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING THE DEFENDANT-APPELLANT TO THE MAXIMUM POSSIBLE PRISON TERM."
 I {¶ 8} Appellant, in his sole assignment of error, argues that the trial court abused its discretion in sentencing him to the maximum possible prison tem. We disagree.
 {¶ 9} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, the Ohio Supreme Court stated that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."Foster, supra, at ¶ 100. Consequently, an appellate court now reviews a defendant's sentence under an abuse of discretion standard. State v.Windham, Ninth Dist. No. 05CA0033, 2006-Ohio-1544, at ¶ 12. Abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Id., citing Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. *Page 4 
 {¶ 10} In the case sub judice, appellant specifically contends that the trial court abused its discretion in sentencing him because there were two different versions of the events of September 7, 2006. Appellant notes that while the court was aware that Gerald Wildman, appellant's co-defendant, claimed to have cut Scott Belknap's throat, the court further indicated on the record that there was evidence from appellant's sister that appellant was the cutter. The trial court specifically noted on the record that appellant's sister had called the police on September 9, 2006, and told them that appellant had told her that he slit Belknap's throat. Appellant notes that, in sentencing him to the maximum, the trial court stated, in relevant part, as follows:
 {¶ 11} "Now, Charlie [appellant], I don't want to mince words with you or beat around the bush, I, in sentencing Gerald Wildman, and now today in sentencing you, have come to and will come to the conclusion about who cut Scott Belknap's throat. I don't think that both of you had your hands on the knife and cut his throat. I don't think that's a possibility. I believe you did. I don't want anybody to be in doubt about why I'm going to impose the maximum sentence. And I saw in this pre-sentence investigation report and I think perhaps in your letter to me which I've read and of course have in the file, your comment that you did not cut Scott's throat. I'm aware of that. I want you to know I don't believe you, Charlie. And I'm not able to say this gentilely [sic] or other than to say I believe you lied when you told me that and I believe that you contend today you didn't cut his throat that you're lying still. Now, I'm not condemning you as a person but I'm condemning what you've done, and the sentence is a response to what you've done. It's that simple." Transcript of January 11, 2007, sentencing hearing at 14-15. *Page 5 
 {¶ 12} According to appellant, "[f]aced with two opposing versions of the horrible event, the trial court chose to believe Mr. Wildman despite the appellant's protests to the contrary."
 {¶ 13} However, in sentencing appellant, the trial court also emphasized appellant's lengthy criminal history. At the sentencing hearing, the trial court noted that appellant, who was 24 years old at the time, had thirteen separate convictions in Juvenile Court between the ages of thirteen and eighteen, that appellant had 18 adjudications on his adult record, both felonies and misdemeanors, and that appellant had been in jail and in DHS.[2]
 {¶ l4} Based on the horrific facts of this case, and appellant's lengthy criminal history, we find that the trial court's decision to sentence appellant to the maximum eight year sentence was not arbitrary, unconscionable or unreasonable. *Page 6 
 {¶ 15} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 16} Accordingly, the judgment of the Tuscarawas County Court of Common Pleas is affirmed.
Edwards, J. Hoffman, P.J. and Delaney, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Such section states as follows: "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall . . . (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another."
[2] It appears that the court meant DYS (the Ohio Department of Youth Services). At the September 25, 2006, bail hearing in this case, evidence was presented that appellant had Juvenile Court adjudications for aggravated menacing, receiving stolen property, public indecency, criminal damaging, drug abuse, disorderly conduct, criminal mischief, possession of drug paraphernalia, violation of a court order, and trespass. Evidence also was presented that appellant had adult convictions for disorderly conduct, trespass, underage consumption, unauthorized use of a motor vehicle, criminal damaging, theft, receiving stolen property, drug possession, burglary and vandalism. Evidence also was presented that appellant was, in one case, released on judicial release and then returned to prison after pulling a pocket knife on four different individuals. A transcript of the bail hearing was filed in the case sub judice. *Page 1