{¶ 16} I write separately, to express my disagreement with the standard of review applied by the majority to this sentencing challenge premised on the seriousness and recidivism factors, R.C. 2929.12. InState v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, at ¶ 4, fn. 1, the Supreme Court of Ohio stated: "* * * the sentencing review statute, R.C.2953.08(G), remains effective, although no longer relevant with respect to the statutory sections severed by Foster." Since R.C. 2929.12 retains its vitality post-Foster, I believe Saxon mandates that Ohio's appellate courts review sentencing *Page 6 
challenges premised on that statute under R.C. 2953.08(G): i.e., by conducting a de novo review of the record, and determining whether, "clearly and convincingly," the sentence is contrary to law. R.C.2953.08(G)(2)(b); see, also, State v. Carter, 11th Dist. No. 2006-P-0056, 2007-Ohio-4953, at ¶ 14; State v. Burton, 10th Dist. No. 06AP-690, 2007-Ohio-1941, at ¶ 11-19, 30-31, 33-37; State v. Ramos, 3d Dist. No. 4-06-24, 2007-Ohio-767, at ¶ 17-28; State v. Vickroy, 4th Dist. No. 06CA4, 2006-Ohio-5461, at ¶ 15-20.
 {¶ 17} That being said, I do not find the record shows, "clearly and convincingly," that the trial court erred in applying the R.C. 2929.12
factors relied on by Mr. Sekanic. Mr. Sekanic points to R.C.2929.12(E)(4), which requires sentencing courts to consider whether a crime was committed under circumstances unlikely to recur, as telling in his favor. As he notes, Dr. Rindsberg's report, and his minimal adult criminal history, support this view. However, the trial court clearly considered the issue: at the sentencing hearing, it commented on Mr. Sekanic's juvenile record, and the fact he committed the crime for which he was sentenced shortly after reaching adulthood, as indicating a potential for future crimes.
 {¶ 18} Similarly, Mr. Sekanic points to his apology to the victims of his crime as being indicative of genuine remorse, R.C. 2929.12(E)(5). The trial court commented on this issue, in sentencing Mr. Sekanic, expressing concern about the difference between the gravity of his criminal actions, as compared with his remorse.
 {¶ 19} There being no clear and convincing evidence of error by the trial court in its application of the R.C. 2929.12 factors, I concur in the conclusion reached by the majority. *Page 1