[Cite as *State v. Bailey*, 2011-Ohio-3246.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No.    10CA0055-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| BRENT J. BAILEY | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.    05-CR-0445 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2011

MOORE, Judge.

{¶1}   Appellant, Brent Bailey, appeals from the judgment of the Medina County Court of Common Pleas.  We affirm.

I.

{¶2}   On September 14, 2004, appellant, Brent Bailey, was indicted by the Medina County Grand Jury on two counts of aggravated vehicular homicide: one count in violation of R.C. 2903.06(A)(1), a felony of the second degree; and one count in violation of R.C. 2903.06(A)(2), a felony of the third degree.  On October 7, 2005, the State filed a motion to amend the indictment to correct the code section and the level of offense listed in the first count of the indictment.  The defense did not object, and the trial court granted the motion on October 13, 2005.

{¶3}   On March 1, 2006, Bailey entered a plea of no contest to all counts contained in the indictment.  On April 12, 2006, Bailey was sentenced to seven years in prison based on the

second-degree felony. This Court affirmed his sentence on February 5, 2007. *State v. Bailey*, 9th Dist. No. 06CA0040-M, 2007-Ohio-455.

{¶4} On July 2, 2008, Bailey filed a motion to withdraw his plea based on the trial court's failure to advise him of mandatory postrelease control during his plea colloquy. The trial court granted his motion on November 13, 2008. The State filed a motion to reconsider on November 26, 2008, arguing that the trial court lacked jurisdiction to permit Bailey to withdraw his plea. Specifically, as Bailey had previously appealed his original sentence, the trial court lacked jurisdiction because permitting withdrawal of the plea would be inconsistent with the judgment of this Court. On December 4, 2008, the trial court vacated its order granting Bailey's motion to withdraw his plea and reinstated its original sentencing entry. Bailey appealed and this Court dismissed the appeal on August 24, 2009, for lack of a final appealable order. *State v. Bailey*, 9th Dist. No. 09CA0001-M, 2009-Ohio-4254.

{¶5} On remand, the trial court granted Bailey's motion to withdraw his plea on December 29, 2009. Bailey filed a motion to suppress on February 24, 2010, and a motion to dismiss on March 1, 2010. On March 29, 2010, the motion to dismiss was denied and the motion to suppress was withdrawn by Bailey. On that same date, Bailey pled no contest to both counts and was sentenced on Count I to seven years in prison. The State chose to have him sentenced on Count I, and Count II was merged into Count I.

{¶6} Bailey timely filed a notice of appeal, asserting one assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

"THE TRIAL COURT ERRED IN AMENDING THE INDICTMENT AGAINST BAILEY AS DOING SO CHANGED THE NAME OR IDENTITY OF THE OFFENSE CHARGED[.]"

{¶7} Bailey's sole assignment of error is that the trial court erred in amending the indictment. We do not consider this assignment of error on its merits, as it is barred by the doctrine of law of the case.

{¶8} The doctrine of law of the case "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3. It "precludes a litigant from attempting to rely on arguments at a retrial [that] were fully pursued, or available to be pursued, in a first appeal. New arguments are subject to issue preclusion, and are barred." *Hubbard ex rel. Creed v. Sauline* (1996), 74 Ohio St.3d 402, 404–405.

{¶9} Bailey's argument regarding the trial court's amendment of the indictment could have been raised in his first appeal. Because he did not raise them in that appeal, they "are subject to issue preclusion, and are barred." (Citations omitted.) *State v. Chapman*, 190 Ohio App.3d 528, 2010-Ohio-5924, at ¶8. Accordingly, Bailey's sole assignment of error is overruled.

III.

{¶10} Bailey's sole assignment of error is barred by the doctrine of law of the case. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

CARR, P.J.
DICKINSON, J.
CONCUR

APPEARANCES:

JACK W. BRADLEY, and MICHAEL E. STEPANIK, Attorneys at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MICHAEL P. MCNAMARA, Assistant Prosecuting Attorney, for Appellee.