OPINION
{¶ 1} Aaron R. Hathy appeals from the judgment entry of the Ashtabula County Court of Common Pleas, sentencing him upon a jury verdict to an eighteen month term of imprisonment for possession of drugs, in violation of R.C. 2925.11, a fourth degree felony. We affirm.
 {¶ 2} August 4, 2006, an indictment in one count by the Ashtabula County Grand Jury was filed against Mr. Hathy, charging him with fourth degree felony possession of drugs, due to an incident occurring on or about May 24, 2006, in *Page 2 
Conneaut, Ohio. August 11, 2006, Mr. Hathy signed a written waiver of his right to be present at arraignment, and pleaded "not guilty," which waiver and plea were filed August 14, 2006. The case came on for trial April 10 and 11, 2007. The jury returned a verdict of "guilty" April 11, 2007. The matter was set for sentencing hearing July 5, 2007. That same day, the trial court filed its judgment entry, sentencing Mr. Hathy to eighteen months imprisonment, the maximum term for a fourth degree felony.
 {¶ 3} Mr. Hathy timely noticed this appeal, assigning one error:
 {¶ 4} "THE ASHTABULA COUNTY COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF APPELLANT WHEN IT SENTENCED HIM TO THE MAXIMUM PRISON TERM OF EIGHTEEN MONTHS IN PRISON FOR A FOURTH DEGREE FELONY."
 {¶ 5} By its decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, the Supreme Court of Ohio declared important portions of Ohio's statutory sentencing scheme, which required judicial factfinding for sentencing enhancements, unconstitutional, for violating the right to trial by jury. However, the sentencing review statute, R.C. 2953.08(G), remains effective, though irrelevant to the statutory sections excised by Foster. State v. Saxon, 109 Ohio St.3d 176,2006-Ohio-1245, at ¶ 4, fn. 1. Consequently, when reviewing the balance of sentencing appeals, an appellate court must make a de novo review of the record, and determine whether, "clearly and convincingly," the record fails to support those factual findings still required post-Foster, R.C. 2953.08(G)(2)(a); or, "[t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(b). See, e.g., State v.Moore, 12th Dist. No. CA2007-03-060, 2008-Ohio-1477, at ¶ 5; State v.Johnson, 6th Dist. No. OT-07-007, 2007-Ohio-6000, at ¶ 10-11; *Page 3 State v. Burton, 10th Dist. No. 06AP-690, 2007-Ohio-1941, at ¶ 15-19;State v. Ramos, 3d Dist. No. 4-06-24, 2007-Ohio-767, at ¶ 23; State v.Vickroy, 4th Dist. No. 06CA4, 2006-Ohio-5461, at ¶ 15; cf. State v.Carter, 11th Dist. No. 2006-P-0056, 2007-Ohio-4953, at ¶ 11-12.
 {¶ 6} In support of his assignment of error, Mr. Hathy raises a novel argument. Post-Foster, many appellants challenging their sentences have argued to this court that the trial court improperly applied judicial factfinding, forbidden by Foster, in arriving at the sentences imposed. Mr. Hathy argues the opposite. He cites to R.C. 2929.14(C) and2929.19(B)(2)(d), severed by Foster as requiring unconstitutional judicial factfinding, and demands their application.
 {¶ 7} R.C. 2929.14(C) provided that trial courts, with stated exceptions, could only impose the maximum prison term for a felony upon finding the following: (1) that the offender committed the worst form of an offense; (2) that the offender posed the greatest likelihood of committing future offenses; (3) upon certain major drug offenders; and, (4) upon certain repeat violent offenders. R.C. 2929.19(B)(2)(d) required trial courts to make a finding of its reasons for imposing a maximum sentence.
 {¶ 8} Mr. Hathy argues the trial court made none of these findings. He notes that R.C. 2929.14 and 2929.19 have been amended since the pronouncement of Foster, and postulates that the findings described by R.C. 2929.14(C) and 2929.19(B)(2)(d) are, therefore, no longer unconstitutional judicial factfindings, but merely mandatory findings a court must place on the record when imposing a maximum sentence. The state counters that the General Assembly has not changed the language of R.C. 2929.14(C) and 2929.19(B)(2) found constitutionally infirm by the Ohio Supreme *Page 4 
Court. Consequently, the state asserts that Foster remains applicable, and that trial courts cannot be required to set forth factual findings under unconstitutional statutes.
 {¶ 9} While acknowledging the originality of Mr. Hathy's arguments, we must agree with the state. There seem to be no amendments to the relevant language of the statutes which would cure their unconstitutionality. While it is certainly useful for purposes of appellate review when trial courts place on the record any reasoning regarding imposition of particular sentences, trial courts cannot be required to make findings under unconstitutional, severed statutes.
 {¶ 10} The assignment of error is without merit.
 {¶ 11} The judgment of the Ashtabula County Court of Common Pleas is affirmed.
 {¶ 12} The court finds there were reasonable grounds for this appeal.
DIANE V. GRENDELL, P.J., concurs in judgment only,
 MARY JANE TRAPP, J., concurs in judgment only. *Page 1