OPINION *Page 2 
{¶ 1} On December 8, 2006, the Fairfield County Grand Jury indicted appellant, Randall Tharp, on two counts of kidnapping in violation of R.C. 2905.01, one count of abduction in violation of R.C. 2905.02, one count of attempt to commit rape in violation of R.C. 2907.02, and one count of gross sexual imposition in violation of R.C. 2907.05. Said charges arose from an incident wherein appellant took a child into a bathroom in a church, and attempted to remove the child's panties.
 {¶ 2} On August 10, 2007, appellant pled guilty to one of the kidnapping counts and the gross sexual imposition count. The remaining counts were dismissed. By judgment entry filed August 17, 2007, the trial court sentenced appellant to ten years on the kidnapping count and five years on the gross sexual imposition count, to be served consecutively. However, the trial court "suspended" the five year sentence in lieu of community control.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE SENTENCING OF THE DEFENDANT-APPELLANT WAS UNCONSTITUTIONAL."
 I {¶ 5} Appellant claims the trial court's sentence was unconstitutional because the imposition of consecutive sentences involved fact finding which was not made by a jury of his peers. We disagree. *Page 3 
 {¶ 6} In support of his argument, appellant cites the case ofState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court of Ohio conducted a comprehensive review of Ohio's criminal sentencing statutes and held the following at paragraph three of the syllabus: "Because R.C. 2929.14(E)(4) and 2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before the imposition of consecutive sentences, they are unconstitutional." However, the Foster court held the following at paragraph four of the syllabus: "R.C. 2929.14(E)(4) and2929.41(A) are capable of being severed. After the severance, judicial fact-finding is not required before imposition of consecutive prison terms."
 {¶ 7} In State v. Mooney, Stark App. No. 2005CA00304, 2006-Ohio-6014, ¶ 63, this court held the following:
 {¶ 8} "[W]e conclude that post-Foster [State v. Foster,109 Ohio St.3d 1], this Court reviews the imposition of consecutive sentences under an abuse of discretion standard. Furthermore, when applying the abuse of discretion standard, an appellate court may not generally substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621."[1]
 {¶ 9} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983)5 Ohio St.3d 217. *Page 4 
 {¶ 10} By judgment entry filed August 17, 2007, the trial court sentenced appellant to ten years on the kidnapping count and five years on the gross sexual imposition count, to be served consecutively for a total of fifteen years. However, the trial court "suspended" the five year sentence in lieu of community control. Appellant argues consecutive sentencing was improper because the sentence "was based on the court `determining' certain facts and applying them to make certain findings, as such, the trial court — not a jury — engaged in fact finding to impose a sentence greater than the concurrent sentences authorized by statute." Appellant's Brief at 9-10.
 {¶ 11} As stated in Foster at paragraph seven of the syllabus: "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."
 {¶ 12} Appellant pled guilty to one of the kidnapping counts and the gross sexual imposition count. The trial court sentenced appellant within the statutory range, and "suspended" the five year sentence on the gross sexual imposition count in lieu of community control. See, R.C. 2929.14(A)(1) and (3).
 {¶ 13} The Bill of Particulars filed December 21, 2006, indicated the following:
 {¶ 14} "* * * Defendant took the child into a restroom at the New Life Christian Center against the child's will and without permission of the child's parent or grandmother. The Defendant reached under the child's skirt and pulled her pants down and she began screaming. The Defendant took this child into the restroom that he did not know with the purpose of engaging in sexual activity with the child against her will." *Page 5 
 {¶ 15} In its sentencing entry filed August 17, 2007, the trial court noted it "considered the record, oral statements, any victim impact statement, and presentence report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code § 2929.11."
 {¶ 16} "In the case at bar, there is no evidence in the record that the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor." Mooney, at ¶ 68.
 {¶ 17} Upon review, we find the trial court's sentence was not unconstitutional, and the trial court did not abuse its discretion in sentencing appellant to consecutive sentences.
 {¶ 18} The sole assignment of error is denied.
 {¶ 19} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
 Farmer, J., Gwin, P.J., and Edwards, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed.
[1] This writer notes the Mooney case, authored by the Honorable W. Scott Gwin, contains a thorough examination and analysis of consecutive sentencing before and after Foster. See also, State v. Firouzmandi, Licking App. No 2006-CA-41, 2006-Ohio-5823. *Page 1