OPINION *Page 2 
{¶ 1} Defendant-appellant, Johnny Deloach, appeals the decision of the Richland County Court of Common Pleas to impose a prison sentence after he pled guilty to and was convicted of one count of violation of a protective order, a felony of the fifth degree.
 {¶ 2} Appellant raises a single Assignment of Error:
 {¶ 3} "I. THE TRIAL COURT COMMITTED REVERSABLE [SIC] ERROR WHEN IT FAILED TO MAKE A FINDING THAT GIVES IT'S [SIC] REASONS WHY THE IMPOSITION OF COMMUNITY CONTROLLED SANCTIONS WERE NOT THE APPROPRIATE SENTENCE FOR THE DEFENDANT-APPELLANT'S CONVICITON OF A FELONY OF THE FIFTH DEGREE AND IN IMPOSING THE MAXIMUM SENTENCE ALLOWED."
 I. {¶ 4} Appellant argues the trial court erred when it sentenced him to prison instead of community control and in sentencing him to the maximum sentence for a fifth degree felony.
 {¶ 5} The appellant was indicted by the Richland County grand jury on one count of menancing by stalking, a felony of the fourth degree and one count of violation of a protective order, a felony of the fifth degree. The victim was appellant's estranged wife and the events leading to appellant's arrest occurred on Christmas Eve, 2006. Following discussions, the prosecution agreed to dismiss the charge of menancing by stalking in exchange for the appellant's plea to a violation of a protection order. On *Page 3 
September 10, 2007, appellant entered a guilty plea to the charge of violation of a protection order.
 {¶ 6} A sentencing hearing was held on October 22, 2007. The trial court considered the presentence report, victim impact statement, the appellant's statement, and the appellant's brother's statement. Furthermore, the trial court considered appellant's lengthy misdemeanor criminal history and the testimony of appellant's pretrial supervision officer regarding appellant's conduct with a minor girl involving alcohol while he awaited sentencing in this matter.
 {¶ 7} The trial court stated:
 {¶ 8} "Mr. Deloach, you are a likable guy, but you are also dangerous to women. I see over and over again, I think this is at least your fifth arrest for violation of a protection order. It hasn't been just your current wife, but other women before her.
 {¶ 9} "You have six disorderly conduct convictions, obstructing official business, driving under the influence of alcohol two times, domestic violence, resisting arrest, intoxication, a prior conviction for violation of a temporary protection order, two other arrests which was amended from a violation of a TPO to one of the disorderly conduct convictions. So you have had experience with the system, and recently, especially when it comes to violating protection orders when people want to be away from you, you don't let that lay down. You are very ingenious and manipulative in getting information you want and going around the rules. This latest violation or arrest is an indication that you are not really willing to work by the rules, Johnny.
 {¶ 10} * * * *Page 4 
 {¶ 11} "[G]iven your past history of offenses of this type, your unrepentant manipulative nature and things, and your inability to follow the rules, I have no alternative but to give you a twelve month sentence in this case, and I am giving you a twelve month sentence."
 {¶ 12} Sentencing Hearing T. at 15-16.
 {¶ 13} After State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, appellate courts review felony sentences under an abuse of discretion standard. State v. Tharp, 5th Dist. No. 2007CA00050, 2008-Ohio-5557.
 {¶ 14} In Foster, the Supreme Court of Ohio concluded that trial courts have full discretion to impose a prison sentence within the statutory range. An abuse of discretion implies the trial court's attitude is "unreasonable, arbitrary or unconscionable."
 {¶ 15} In this case, appellant was sentenced after being convicted of a fifth degree felony pursuant to R.C. 2929.13(B).
 {¶ 16} He first contends that the trial court erred in sentencing him to prison rather than community control on the fifth degree felony. Appellant contends that a fifth degree felony presumptively calls for a community control sanction rather than imprisonment, and the trial court made no findings under R.C. 2929.13(B)(2) which would allow the court to sentence him to prison.
 {¶ 17} R.C. 2929.13(B)(1) provides that "in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 {¶ 18} "(a) In committing the offense, the offender caused physical harm to a person. *Page 5 
 {¶ 19} "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 {¶ 20} "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 {¶ 21} "(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obligated the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of other.
 {¶ 22} "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 {¶ 23} "(f) The offense is a sex offense that is a fourth or fifth degree violation***.
 {¶ 24} "(g) The offender at the time of the offense was serving, or the offender previously had served, a prison term.
 {¶ 25} "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 {¶ 26} "(i) The offender committed the offense while in possession of a firearm."
 {¶ 27} Then, under R.C. 2929.13(B)(2), if the court makes a finding described in R.C. 2929.139(B)(1)(a)-(i), and "after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that *Page 6 
the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."
 {¶ 28} In Foster, supra, the Ohio Supreme Court addressed sentencing for fourth and fifth degree felonies. The Supreme Court analyzed R.C. 2929.13(B)(1) and (2), and found that "there is no presumption in favor of community control" and "the statute does not prevent a court from imposing a prison term without these findings." Id. at ¶ 69. The Supreme Court explained that "a judge who does not make one of the (B)(1) findings and does not find that community control is a sufficient sanction could still impose a prison term." Id. The court further explained in Foster that if the particular R.C. 2929.13(B) findings are not made, then "the judge is simply guided by the general principles of sentencing" in imposing sentence. Id. at fn. 91. Those include R.C. 2929.11, which specifies the purposes of sentencing, [1] and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the trial court is to be guided by statues that are specific to the case itself. See also, State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855.
 {¶ 29} Applying the above, appellant's argument fails as there is no presumption in favor of community control for fifth degree felonies. The record indicates the trial court did not make one of the (B)(1) findings and did not find that community control is a sufficient sanction. Therefore, the trial court had full discretion to impose a prison sentence within the statutory range, which is six to twelve months. R.C. 2929.14(A)(5).
 {¶ 30} The record also indicates that the trial court consider the applicable sentencing statutes. R.C. 2929.11, 2929.12. The trial court was aware of the *Page 7 
appellant's history of criminal convictions, his likelihood to re-offend and the need to incarcerate appellant to deter him from future crimes, as well as his lack of remorse and manipulative personality.
 {¶ 31} In his second challenge to his sentence, appellant contends that the trial court did not make specific findings under R.C. 2929.14(C) and R.C. 2929.19(B)(2)(d) before imposing the maximum 12 month sentences.
 {¶ 32} In Foster, a paragraph seven of the syllabus, the Supreme Court held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or given their reasons for imposing maximum, consecutive, or more than the minimum sentences." R.C. 2929.14(C) and R.C. 2929.14(B)(2), which required judicial fact finding were expressly held to be unconstitutional and were severed. Id. at paragraph one.
 {¶ 33} Appellant was sentenced post-Foster. Therefore, the trial court need not make any specific finding before imposing a maximum term within the statutory range for a particular felony. See also, State v.Hathy, 11th Dist. No. 2007-A-0057, 2008-Ohio-2614.
 {¶ 34} After reviewing the record, the trial court did not abuse its discretion when it sentenced appellant to prison for a maximum term rather than imposing community control.
 {¶ 35} Accordingly, appellant's single assignment of error is overruled. *Page 8 
 {¶ 36} The judgment of the Richland County Court of Common Pleas is affirmed.
 Delaney, J., Farmer, P.J. and Edwards, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] "The overriding purposes of felony sentencing are to protect the public from future crimes by the offender and others and to punish the offender." R.C. 2929.11 *Page 1