OPINION
{¶ 1} This matter is before the Court on Defendant-Appellant Nathan Perkins' direct appeal from his convictions for felonious assault, weapons under disability, failure to comply, and kidnapping. All charges arose from events that occurred on April 9-10, 2005 and involved Perkins' ex-girlfriend, the mother of his son. At Perkins' request, the trial court ordered psychological evaluations regarding his competence to stand trial and his intent to enter a not guilty by reason of insanity (NGRI) plea.
 {¶ 2} Following the initial evaluations, Perkins stipulated to his competence to stand trial, but he requested a second opinion regarding his NGRI plea. During the pendency of the second evaluation Perkins repeatedly refused to cooperate with evaluators, and he changed counsel more than once, necessitating numerous continuances until a trial date was finally set for February 27, 2006.
 {¶ 3} Four days prior to trial Perkins advised the court that he had fired his fifth attorney. The trial court refused to allow counsel to be removed from the case and overruled the pending motion for the second NGRI evaluation. After further plea negotiations that day, Perkins pled no contest to all but one of the two felonious assault charges. At that time Perkins argued that his right to a speedy trial had been denied. Counsel filed a motion to that effect several days later, and the trial court heard the motion on March 3, 2006, prior to sentencing. The trial court overruled the motion to dismiss and sentenced Perkins to a total of twelve years imprisonment. Perkins filed a timely notice of appeal.
 I {¶ 4} Perkins' First Assignment of Error:
 {¶ 5} "The trial court erred to Defendant-Appellant's prejudice when it overruled his motion to dismiss for violation of his right to a speedy trial as dictated by the Sixth Amendment of the U.S. Constitution, Article I, § 10 of the Ohio State Constitution, and R.C. § 2945.71."
 {¶ 6} First, Perkins maintains that the trial court erred in refusing to dismiss his case for speedy trial violations. We disagree.
 {¶ 7} Preliminarily, we note that the standard for reviewing claims of speedy trial violations is "whether the trial court's ruling is supported by the evidence or whether the court abused its discretion by making a finding manifestly against the weight of the evidence." See, e.g., State v. Humphrey, Clark App. No. 2002 CA 30, 2003-Ohio-3401, ¶ 21, citations omitted. Moreover, "[a]n abuse of discretion means more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Id., citing Huffman v.Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87, 482 N.E.2d 1248.
 {¶ 8} Because Perkins was charged with felonies, and he was incarcerated from the date of his arrest on April 10, 2005 until he entered his plea, the State was required pursuant to R.C. § 2945.71 to bring him to trial within ninety days of his arrest. See, State v.Palmer (1998), 84 Ohio St.3d 103, 105, 702 N.E.2d 72. However, R.C. § 2945.72 sets forth justifiable reasons to extend the time in which the State must bring a defendant to trial.
 {¶ 9} On April 12, 2005, two days after Perkins' arrest, the public defender was appointed to represent him. However, just one week later on April 19, 2005, the public defender had to withdraw due to a conflict of interest. New counsel was appointed on May 16, 2005. For reasons not reflected in the record, Perkins' second attorney was also replaced, and a third attorney was appointed on May 25, 2005. It appears from the record that between April 10th and May 25th, Perkins went thirty-nine days without legal representation, and at most only seven days with counsel. Time spent without the benefit of counsel must be tolled. R.C. § 2945.72(C). Therefore, only seven days ran toward his speedy trial time during this period, and eighty-three days remained.
 {¶ 10} Also on May 25, 2005, Perkins filed what he captioned as a "motion for sanity evaluation." On May 31, 2005 the trial court ordered an evaluation of Perkins' competence to stand trial. The record does not reflect when that evaluation was provided to the court. After apparently receiving clarification that the motion was also intended to be a request for an NGRI examination, the court ordered that evaluation on July 11, 2005. The court received the NGRI evaluation the following month. On August 18, 2005 Perkins stipulated to the competence evaluation, but he requested a second opinion on the NGRI evaluation. The eighty-five days from Perkins' May 25th request for psychological examinations until he stipulated to his competency to stand trial on August 18th does not count against the State. R.C. § 2945.72(B) (E). Because Perkins requested a second NGRI evaluation on the same day that he stipulated to competency, his speedy trial time remained tolled, and eighty-three days remained before the State was required to bring him to trial as of August 18, 2005. Id.
 {¶ 11} For unknown reasons, Perkins refused to cooperate with more than one potential examiner, causing the continued delay of his case while the request for a second examination was pending. Perkins also went through two more court appointed attorneys during this time. On November 17, 2005 Perkins' fifth attorney both advised the court that the second opinion was no longer requested and sought a continuance of the final pre-trial conference date. On December 2, 2005 Perkins requested another continuance, which was granted until December 8th. Although the second NGRI evaluation was no longer pending, the case was delayed as the result of two continuances at Perkins' request. Speedy trial time is tolled when a defendant requests a continuance. R.C. § 2945.72(H). Accordingly, as of December 8, 2005 eighty-three days of Perkins' speedy trial time remained.
 {¶ 12} An additional twenty-two days of speedy trial time ran from December 8, 2005 until December 30, 2005, when Perkins filed a notice of intent to enter an NGRI plea and renewed his request for a second opinion. At that point a total of twenty-nine days had counted against the State toward Perkins' speedy trial time. The trial court ordered the second opinion on February 3, 2006. During the pendency of the second NGRI opinion, speedy trial time was again tolled. R.C. § 2945.72(B) (E).
 {¶ 13} On February 23, 2006, due to Perkins' consistent refusal to cooperate with examiners, the trial court overruled his request for a second NGRI opinion. Later the same afternoon Perkins pled no contest to four of the five charges pending against him. He also made an oral motion to dismiss the charges for speedy trial violations. Because Perkins entered his plea on the same day that the pending motion was overruled, no more speedy trial time ran. Therefore, at the time of Perkins' plea, only twenty-nine days of speedy trial time had been used, and sixty-one days remained.
 {¶ 14} Because only twenty-nine of Perkins' ninety days of speedy trial time had been charged against the State by the time that he entered his plea, we cannot conclude that the trial court abused its discretion in denying Perkins' motion for dismissal for speedy trial violations. Perkins' first assignment of error is without merit.
 II {¶ 15} Perkins' Second Assignment of Error:
 {¶ 16} "The trial court abused its discretion when it overruled Defendant-Appellant's motion to continue and for leave to withdraw as counsel."
 {¶ 17} In his second assignment of error, Perkins contends that the trial court abused its discretion by denying his request for a continuance in order to retain new counsel. Because Perkins had already been represented by five attorneys (only one of whom the record shows was replaced for reasons beyond Perkins' control), the trial court did not abuse its discretion in denying Perkins' request for a continuance in order to retain new counsel made just four days before his trial was scheduled to begin.
 {¶ 18} The Sixth Amendment to the United States Constitution establishes a defendant's right to representation. Nevertheless, that right must be balanced against the effective and efficient administration of justice. State v. Hook (1986), 33 Ohio App.3d 101,103, 514 N.E.2d 721. Additionally, a defendant's right to retain counsel of his own choosing is not an unqualified right. State v. Keenan (1998),81 Ohio St.3d 133, 137, 689 N.E.2d 929. Therefore, when considering a motion for a continuance or for new counsel, a trial court must balance "any potential prejudice to a defendant against concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." State v. Unger (1981), 67 Ohio St.2d 65, 67, 423 N.E.2d 1078. See, also, United States v.Gonzalez-Lopez (2006), ___ U.S. ___, 126 S.Ct. 2557.
 {¶ 19} Accordingly, a reviewing court will not reverse a trial court's decision to deny a motion for a continuance or a motion for new counsel absent an abuse of discretion. Unger, supra. The factors to be considered when considering a motion for a continuance include: the length of the requested continuance; any prior continuances; the inconvenience to the litigants, witnesses, opposing counsel and the court; reasons for the delay; whether the defendant contributed to the delay; and other relevant factors. Unger, supra; State v. Landrum
(1990), 53 Ohio St.3d 107, 559 N.E.2d 710. A trial court abuses its discretion when its decision is the product of "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. OhioState Medical Bd. (1993), 66 Ohio St.3d 619, 621, 66 N.E.2d 748.
 {¶ 20} In this case proceedings had already been significantly delayed for several months by Perkins' competency and NGRI evaluations and also in large part due to his continuous refusal to cooperate with examiners in regard to the second NGRI evaluation. The timeliness of trial was further thwarted by Perkins' repeated replacement of attorneys. Just four days prior to trial, Perkins sought yet another continuance in order to replace his fifth attorney with a sixth. We will not conclude that under these circumstance the trial court abused its discretion in denying Perkins' motion for a continuance in order to retain new counsel. Therefore, Perkins' second assignment of error is overruled.
 III {¶ 21} Perkins' Third Assignment of Error:
 {¶ 22} "Defendant-Appellant was denied his Sixth Amendment right to effective assistance of counsel."
 {¶ 23} Finally, Perkins claims that his fifth attorney was ineffective for failing to move for dismissal of the charges against him for speedy trial violations. Because we have found in the first assignment of error that Perkins' speedy trial time had not yet run before he entered his pleas, we cannot fault counsel for not seeking dismissal on those grounds. Perkins' third assignment of error is overruled.
 IV {¶ 24} Having overruled all three of Perkins' assignments of error, the judgment of the trial court is affirmed.
BROGAN, J. and DONOVAN, J., concur.