DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Kenneth Kienzle, appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On August 26, 2004, Appellant was indicted on one count of having a weapon while under disability, in violation of R.C.2923.13(A)(3), a felony of the third degree. On September 19, 2005, Appellant pled guilty. On January 27, 2006, Appellant was sentenced to five years of community control with a five year prison term suspended. On September 29, 2006, Appellant admitted that probable cause existed to demonstrate that he had violated the terms and conditions of his *Page 2 
community control sanctions. The trial court held a merits hearing on the probation/community control violation on November 30, 2006 wherein it reimposed the previously suspended five year term of incarceration. Appellant timely filed a notice of appeal to this Court raising two assignments of error for our review. We have combined Appellant's assignments of error to facilitate our review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING A NON-MINIMUM SENTENCE ON APPELLANT, AS SUCH SENTENCE IS CONTRARY TO LAW AND NOT SUPPORTED BY THE RECORD."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED IN IMPOSING A TERM OF INCARCERATION THAT IS NOT PROPORTIONATE TO SIMILARLY SITUATED OFFENDERS."
 {¶ 3} In Appellant's assignments of error, he contends that the trial court erred in imposing a non-minimum sentence on a first time felony offender that was disproportionate to other similarly situated offenders. We disagree.
 {¶ 4} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Court found that Ohio's sentencing structure was unconstitutional to the extent that it required judicial fact-finding. Id. at paragraphs one through seven of the syllabus. In constructing a remedy, the Court excised the portions of the statute it found to offend the Sixth Amendment and thereby granted full discretion to trial court *Page 3 
judges to sentence defendants within the bounds prescribed by statute. See Id.; State v. Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309, at ¶ 19.
 {¶ 5} Additionally, Foster altered this Court's standard of review which was previously a clear and convincing error standard. State v.Windham, 9th Dist. No. 05CA0033, 2006-Ohio-1544, at ¶ 11. Accordingly, this Court reviews Appellant's sentence utilizing an abuse of discretion standard. Id. at ¶ 12. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621.
 {¶ 6} The Foster Court noted that "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to `consider' the statutory factors." Foster, supra, at ¶ 42. Moreover, post Foster, it is axiomatic that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph 7 of the syllabus. Therefore, post-Foster, trial courts are still required to consider the general guidance factors in their sentencing decisions. The trial *Page 4 
court stated that it had considered Appellant's prior record when making its decision.
 {¶ 7} R.C. 2929.11 provides in pertinent part as follows:
 "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
Appellant was convicted of a third degree felony. Accordingly, the trial court was permitted to utilize its discretion to sentence him within the range of one to five years incarceration for the third degree felony conviction. R.C. 2929.14(A)(3). Appellant was sentenced to five years incarceration. Accordingly, Appellant's conviction fell within the statutory ranges set forth in R.C. 2929.14.
 {¶ 8} Upon review, this Court cannot say that the trial court abused its discretion in sentencing Appellant to five years incarceration. The record reflects that Appellant had four adjudications of delinquency and fourteen prior adult convictions. R.C. 2929.12(D)(2). Furthermore, Appellant had a history of alcohol and/or drug abuse. R.C.2929.12(D)(4). The trial court's sentence reflects a *Page 5 
consideration of the purposes of felony sentencing under R.C. 2929.11. In sentencing Appellant, the trial court stated:
 "I'm imposing the maximum sentence today, and I'm doing that based on your prior record, the fact that this involves a weapon, and, in my view, the maximum sentence is needed to adequately protect the public."
 {¶ 9} Accordingly, based upon a consideration of the factors in R.C.2929.12 and the purpose of felony sentencing as contained in R.C.2929.11, we cannot say that the trial court abused its discretion in sentencing Appellant to five years incarceration.
 {¶ 10} We need not address Appellant's argument that the trial court erred in imposing a term of incarceration that is not proportionate to similarly situated offenders as Appellant has forfeited this argument for appeal. In the instant case, Appellant failed to raise this argument at the original sentencing hearing held on January 27, 2006. Due to Appellant's failure to raise this argument below, he has deprived the trial court of the opportunity to correct the alleged errors in the first instance and has thereby forfeited this argument on appeal. SeeState v. Quine, 9th Dist. No. 29068, 2002-Ohio-6987, at ¶ 7 (finding that Appellant's failure to object to his sentence on the ground that his sentence was inconsistent with sentences imposed for similar crimes committed by similar offenders generally constitutes waiver of this argument).
 {¶ 11} An exception to the forfeiture doctrine exists, however, if plain error is found. In re Etter (1998), 134 Ohio App.3d 484, 492;State v. Hairston, 9th *Page 6 
Dist. No. 05CA008768, 2006-Ohio-4925, at ¶ 9, quoting State v.McKee (2001), 91 Ohio St.3d 292, 299 fn. 3 (Cook, J., dissenting); Crim.R. 52(B). Plain error is defined as any error or defect that affects an individual's substantial rights, which is not brought to the attention of the trial court through an objection. Crim.R. 52(B). However, Appellant has neither argued plain error, nor has he explained why we should delve into this issue for the first time on appeal. Accordingly, we decline to address this issue.
 {¶ 12} Appellant's assignments of error are overruled.
 III. {¶ 13} Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of *Page 7 
Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant. DICKINSON, J., CONCURS