OPINION
{¶ 1} Carl Simons appeals from his conviction of complicity to robbery in the Clark County Common Pleas Court. In a single assignment of error, Simons contends his trial counsel was constitutionally ineffective for not raising the claim that he had been *Page 2 
denied a speedy trial pursuant to the provisions of R.C. 2945.71 et. seq.
 {¶ 2} Simons was arrested and charged with Robbery and Complicity to Robbery on June 27, 2006. Bond was set at Simons' arraignment on June 29, 2006, but Simons was unable to post a bond and remained in jail while the case was pending. On June 30, 2006, Simons' counsel moved to withdraw as counsel for Simons because he was also appointed to represent the co-defendant, Terry Newland, and a conflict of interest existed. On July 10, 2006, Simons filed a financial disclosure form and an affidavit of indigency with the court, and on August 2, 2006, the trial court appointed new counsel for him.
 {¶ 3} On August 8, 2006, Simons' counsel filed a demand for discovery and a motion for a bill of particulars. The Stated filed its bill of particulars in response to the motion on August 23, 2006, The case was originally set for trial on October 4, 2006.
 {¶ 4} On September 27, 2006, Simons moved to suppress statements he made to police after his arrest. The trial court overruled his motion on October 5, 2006. On October 2, 2006, Simons' counsel moved for a continuance of his October 4, 2006 trial date. On October 4, 2006, the trial court granted Simons' motion to continue the October 4th trial date until November 21, 2006, a date selected by Simons' counsel. On November 21, 2006, Simons entered his no contest plea to the charge of complicity to commit robbery, and the court sentenced him to two years in prison. This appeal followed.
 {¶ 5} The State argues that Simons was brought to trial within the requirements of R.C. 2945.71 et seq. because various periods of time tolled the statute. R.C. 2945.71(C) provides that in felony cases, the accused shall be brought to trial within 270 *Page 3 
days. However, when the accused is held in jail on the pending charge, each day is counted as three days, bringing the time for the accused to be brought to trial down to 90 days. R.C. 2945.71(E).
 {¶ 6} Under R.C. 2945.72(C), "the time in which an accused must be brought to trial * * * may be extended by * * * any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law." In State v.Perkins, Montgomery App. No. 21515, 2007-Ohio-136, at ¶ 9, this Court held that a time period of 39 days without legal representation was tolled, as a result of the trial court appointing new counsel for the defendant on two occasions. In State v. Simms, Franklin App. Nos. 05AP-806, 05AP-807, 2006-Ohio-2960, at ¶ 13, the court held that a delay of 43 days was not chargeable against the state when it resulted from the court needing to appoint the defendant new counsel after the defendant "fired" the public defender.
 {¶ 7} In the instant case, the appellant's counsel moved to withdraw on June 30, 2006. On July 10, 2006, Simons filed his financial disclosure form and affidavit of indigency, and on August 2, 2006, new counsel was appointed for the appellant. A period of 34 days elapsed where the appellant was without legal representation. The State argues that the period of delay from June 30, 2006 until July 10, 2006 can only be attributed to the appellant, as the court could not appoint new counsel until the appellant had proven himself to be indigent. The State argues the remaining 24 days to find counsel is well below similar delays this Court has held the statute extended the time for the State to bring the defendant to trial. We agree. Therefore, the State had 124 days *Page 4 
to bring the appellant to trial by virtue of his former counsel's motion to withdraw as counsel.
 {¶ 8} The appellant's trial date was set within that 124-day time period, namely it was set October 4, 2006. Before that time expired, Appellant's counsel moved on October 2, 2006 to continue the October 4, 2006 trial date because counsel needed time "to secure the attendance of witnesses extremely important to Defendant's defense." On October 4, 2006, the trial court granted counsel for Simon's request. The court advised Simons and his counsel that the continuance motion would cause the case to be continued until November 2006, and the court would deem the time between the motion and the new trial date tolled. The court noted that the defendant and his counsel both stated they were still requesting the reassignment. The court then offered Simons and his counsel the opportunity to choose between two available trial dates-November 1, 2006 or November 21, 2006. The court noted that Simons and his counsel requested the November 21, 2006 trial date. This record, therefore, does not support any ineffectiveness on the part of counsel in not moving to dismiss the charges against Simons. His assignment of error is without merit. The judgment of the trial court is Affirmed.
 WOLFF, P.J., and GRADY, J., concur. *Page 1