[Cite as *State v. Monk*, 2011-Ohio-5751.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee, | Hon. Sheila G. Farmer, J. |
| | Hon. Julie A. Edwards, J. |
| v. | |
| | Case No. 11-CA-28 |
| DANIEL MONK, | |
| | |
| Defendant-Appellant. | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of
                             Common Pleas Court, Case No. 10-CR-526


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      November 4, 2011


APPEARANCES:


For Plaintiff-Appellee                 For Defendant-Appellant


KENNETH W. OSWALT                      J. MATTHEW DAWSON
Licking County Prosecutor              35 S. Park Pl., Suite 10
20 S. Second Street, Fourth Floor      Newark, Ohio 43055
Newark, Ohio 43055

*Hoffman, P.J.*

{¶ 1}  Defendant-appellant Daniel Monk appeals his conviction and sentence entered by the Licking County Court of Common Pleas.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE

{¶ 2}  Appellant was indicted on two counts of sexual battery and one count of contributing to the delinquency of a minor.  On November 8, 2010, Appellant entered an initial plea of not guilty by reason of insanity.  The trial court ordered a competency evaluation, and a hearing was scheduled for December 14, 2010.  At Appellant's request, the hearing was then continued to January 3, 2011.

{¶ 3}  On January 3, 2011, Appellant moved the trial court to continue the trial set for January 5, 2011.  Appellant also filed a motion to suppress on the same date. The trial court denied the motions.

{¶ 4}  On January 4, 2011, Appellant retained new counsel.  On January 5, 2011, the date scheduled for trial, Appellant's new trial counsel moved the trial court to continue the jury trial.  The trial court denied the motion.  Appellant then entered a plea of no contest to the charges.

{¶ 5}  On February 16, 2011, the trial court sentenced Appellant to three years incarceration on each count of sexual battery to run consecutively with a six month term on the one count of contributing to the delinquency of a minor charge, for an aggregate prison term of six years.

{¶ 6}  Appellant now appeals, assigning as error:

{¶ 7} "I. WHETHER OR NOT THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE APPELLANT'S MOTION TO SUPPRESS AS UNTIMELY.

{¶ 8} "II. WHETHER OR NOT THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE APPELLANT'S MOTIONS FOR CONTINUANCE.

{¶ 9} "III. WHETHER OR NOT PREVIOUS COUNSEL WAS INEFFECTIVE BY FAILING TO FILE A MOTION TO SUPPRESS.

{¶ 10} "IV. WHETHER OR NOT THE TRIAL COURT'S IMPOSITION OF SENTENCE WAS CONTRARY TO LAW DUE TO THE LACK OF THE TRIAL COURT'S CONSIDERATION OF THE OVERRIDING PURPOSES AND FACTORS TO BE CONSDIERED IN FELONY SENTENCING."

## I. & III.

{¶ 11} Appellant's first and third assignments of error raise common and interrelated issues; therefore we will address the arguments together.

{¶ 12} Appellant asserts the trial court erred in denying Appellant's motion to suppress as untimely. Appellant further asserts his prior trial counsel was ineffective in failing to move the trial court to suppress the evidence earlier in the proceedings.

{¶ 13} Criminal Rule 12 governs pretrial motions, and states in pertinent part:

{¶ 14} "**(D) Motion date**

{¶ 15} "All pretrial motions except as provided in Crim. R. 7(E) and 16(F) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions.

{¶ 16} "***

**{¶ 17} "(H) Effect of failure to raise defenses or objections**

{¶ 18} "Failure by the defendant to raise defenses or objections or to make requests that must be made prior to trial, at the time set by the court pursuant to division (D) of this rule, or prior to any extension of time made by the court, shall constitute waiver of the defenses or objections, but the court for good cause shown may grant relief from the waiver."

{¶ 19} When a motion to suppress is filed out of the rule timelines, the movant must "offer a convincing reason to warrant relief." *State v. Phillips* (1995), 74 Ohio St.3d 72, 97.

{¶ 20} In the within case, Appellant argues the motion to suppress was untimely due to the delay in the competency results, and "everything was pending the competency evaluation results." Appellant's Brief p. 9. We disagree.

{¶ 21} The pending competency evaluation did not preclude Appellant from filing a motion to suppress; rather, Appellant's alleged competency would serve as a basis for challenging his statements to the police. We conclude Appellant was not precluded from arguing the inadmissibility of the evidence due to the questions surrounding his competency.

{¶ 22} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell* (1993), 506 U.S. 364, 113 S.Ct. 838,

122 L.Ed.2d 180; *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.

{¶ 23} To prevail on this claim, appellant must meet both the deficient performance and prejudice prongs of *Strickland* and *Bradley. Knowles v. Mirzayance* (2009), --- U.S. ----, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251.

{¶ 24} To show deficient performance, appellant must establish that "counsel's representation fell below an objective standard of reasonableness." *Strickland,* at 688. In light of "the variety of circumstances faced by defense counsel [and] the range of legitimate decisions regarding how best to represent a criminal defendant," the performance inquiry necessarily turns on "whether counsel's assistance was reasonable considering all the circumstances." *Id.,* at 688-689. At all points, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id .,* at 689.

{¶ 25} Appellant must further demonstrate that he suffered prejudice from his counsel's performance. See *Strickland,* 466 U.S., at 691 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment"). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

{¶ 26} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient

before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Bradley* at 143, 538 N.E.2d 373, quoting *Strickland* at 697.

{¶ 27} The failure to file a motion to suppress constitutes ineffective assistance of counsel "only if, based on the record, the motion would have been granted." *State v. Moss*, Licking App. 05-CA-74, 2006-Ohio-2524. Here, Appellant has not demonstrated his motion to suppress would have ultimately been granted on the merits. The record demonstrates Appellant was found competent after evaluation. Appellant does not develop in his brief the merits of the proposed motion to suppress; therefore, he has not demonstrated the motion would have been granted by the trial court but for counsel's alleged error.

{¶ 28} Appellant's first and third assignments of error are overruled.

II.

{¶ 29} In the second assignment of error Appellant maintains the trial court abused its discretion in denying Appellant's motion for a continuance.

{¶ 30} The granting of continuances is within the sound discretion of the trial court. *State v. McMilen* (1996), 113 Ohio App.3d 137. Factors to be considered include the length of the continuance requested, any prior continuances granted, any inconvenience to other parties and to the court, the reasons offered for the delayed and whether the moving party contributed to the delay. *Village of Glenwillow v. Tomsick* (1996), 111 Ohio App.3d 718.

{¶ 31} Again, Appellant asserts the continuance was necessary in this matter as his competency was at issue at the time the continuance was requested and delayed matters herein. Further, Appellant argues the retention of new trial counsel

necessitated a continuance as counsel had only one day to prepare for trial.  Appellant requested one prior continuance which was granted by the trial court.  Appellant asserts the State was not prejudiced by the delay.

{¶ 32} Upon review, we find Appellant has not demonstrated his decision to retain new counsel was based upon deterioration in his relationship with his prior trial counsel.  Rather, the record demonstrates Appellant "wanted a second opinion on an issue that's very crucial for his life."  Tr. at 9.

{¶ 33} A defendant's right to retain counsel of his own choosing is not an unlimited right.  *State v. Perkins*, 2007-Ohio-136.  Instead, "when considering a motion for…new counsel, a trial court must balance 'any potential prejudice to a defendant against concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." Id.

{¶ 34} Based on the above, we find the trial court did not abuse its discretion in denying Appellant's motion for a continuance.  The Appellant's last minute decision to change counsel clearly contributed to the delay that would have been necessitated by a continuance.

{¶ 35} Appellant's second assignment of error is overruled.

IV.

{¶ 36} In the fourth assignment of error, Appellant asserts his sentence was contrary to law as the trial court failed to consider the overriding purposes and factors to be considered in felony sentencing.

{¶ 37} R.C. 2929.11(B) states,

{¶ 38} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 39} A court has broad discretion in determining the most effective way to comply with the purposes and principles of sentencing. R.C. 2929.12(A).

{¶ 40} As stated in R.C. 2929.11, the two overriding purposes of felony sentencing are to first, protect the public from future crime by the offender, and, second, punish the offender. The court shall consider "the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public or both." Id.

{¶ 41} In *State v. Kienzle*, 2007-Ohio-4346, the Ninth District held,

{¶ 42} "In *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, the Court found that Ohio's sentencing structure was unconstitutional to the extent that it required judicial fact-finding. *Id.* at paragraphs one through seven of the syllabus. In constructing a remedy, the Court excised the portions of the statute it found to offend the Sixth Amendment and thereby granted full discretion to trial court judges to sentence defendants within the bounds prescribed by statute. See *Id.; State v. Dudukovich,* 9th Dist. No. 05CA008729, 2006-Ohio-1309, at ¶ 19.

{¶ 43} "Additionally, *Foster* altered this Court's standard of review which was previously a clear and convincing error standard. *State v. Windham,* 9th Dist. No. 05CA0033, 2006-Ohio-1544, at ¶ 11. Accordingly, this Court reviews Appellant's

sentence utilizing an abuse of discretion standard. *Id.* at ¶ 12. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621.

{¶ 44} "The *Foster* Court noted that "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors." *Foster,* supra, at ¶ 42. Moreover, post *Foster,* it is axiomatic that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Id.* at paragraph 7 of the syllabus. Therefore, post-*Foster,* trial courts are still required to consider the general guidance factors in their sentencing decisions. The trial court stated that it had considered Appellant's prior record when making its decision.

{¶ 45} "***

{¶ 46} "Appellant was convicted of a third degree felony. Accordingly, the trial court was permitted to utilize its discretion to sentence him within the range of one to five years incarceration for the third degree felony conviction. R.C. 2929.14(A)(3). Appellant was sentenced to five years incarceration. Accordingly, Appellant's conviction fell within the statutory ranges set forth in R.C. 2929.14."

{¶ 47} In the case herein, we find the trial court did not abuse its discretion in sentencing Appellant as the prison term was within the statutory range for Appellant's

convictions, and the court clearly stated it had considered the necessary factors in sentencing Appellant. Tr. at 19-20.

{¶ 48} The fourth assignment of error is overruled.

{¶ 49} For the reasons set forth above, Appellant's convictions and sentence in the Licking County Court of Common Pleas are affirmed.

By: Hoffman, P.J.

Farmer, J. and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | JUDGMENT ENTRY |
| | : | |
| DANIEL MONK, | : | |
| | : | |
| Defendant-Appellant. | : | Case No. 11-CA-28 |

For the reasons stated in our accompanying Opinion, Appellant's convictions and sentence in the Licking County Court of Common Pleas are affirmed.   Costs to Appellant

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS