[Cite as *State v. Markey*, **2011-Ohio-5900.**]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

THE STATE OF OHIO,

     Appellee,

v.

LARRY MARKEY,

     Appellant.

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Sheila G. Farmer, J.
Hon. Julie A. Edwards, J.

Case No. CT11-0016

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2010-0260 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | November 10, 2011 |
| APPEARANCES: | |

For Plaintiff-Appellee

ROBERT L. SMITH
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth Street, Suite 201
Zanesville, Ohio 43701

For Defendant-Appellant

ROBERT D. ESSEX
604 East Rich Street
Columbus, Ohio 43215

*Hoffman, P.J.*

{¶ 1} Defendant-appellant Larry Markey appeals his sentence entered by in the Muskingum County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶ 2} On October 31, 2010, Appellant entered a detached garage to an unoccupied residence and removed several items of property. On February 23, 2011, Appellant entered a plea of guilty to one count of breaking and entering and one count of theft. In exchange, the State agreed to jointly recommend a six month prison term to the trial court.

{¶ 3} On March 21, 2011, the trial court conducted a sentencing hearing, and imposed an eleven month prison term based upon a presentence investigation.

{¶ 4} Appellant now appeals, assigning as error:

{¶ 5} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO GREATER THAN THE AGREED UPON SIX MONTH SENTENCE."

I

{¶ 6} In the sole assignment of error, Appellant argues the trial court erred in imposing the eleven month prison term as the State recommended six months and the sentence violated the proportionality requirement of R.C. 2929.11(B). The statute reads,

{¶ 7} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's

conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 8} Appellant does not present any significant mitigating information in the record apart from the State's agreement to jointly recommend a six month prison term.

{¶ 9} R.C. 2929.14(A)(5) states, "for a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven or twelve months." A court has broad discretion in determining the most effective way to comply with the purposes and principles of sentencing. R.C. 2929.12(A).

{¶ 10} As stated in R.C. 2929.11, the two overriding purposes of felony sentencing are to first, protect the public from future crime by the offender, and, second, punish the offender. The court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public or both. Id.

{¶ 11} In *State v. Kienzle*, 2007-Ohio-4346, the Ninth District held,

{¶ 12} "In *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, the Court found that Ohio's sentencing structure was unconstitutional to the extent that it required judicial fact-finding. *Id.* at paragraphs one through seven of the syllabus. In constructing a remedy, the Court excised the portions of the statute it found to offend the Sixth Amendment and thereby granted full discretion to trial court judges to sentence defendants within the bounds prescribed by statute. See *Id.; State v. Dudukovich,* 9th Dist. No. 05CA008729, 2006-Ohio-1309, at ¶ 19.

{¶ 13} "Additionally, *Foster* altered this Court's standard of review which was previously a clear and convincing error standard. *State v. Windham,* 9th Dist. No.

05CA0033, 2006-Ohio-1544, at ¶ 11. Accordingly, this Court reviews Appellant's sentence utilizing an abuse of discretion standard. *Id.* at ¶ 12. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621.

{¶ 14} "The *Foster* Court noted that 'there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors.' *Foster,* supra, at ¶ 42. Moreover, post *Foster,* it is axiomatic that '[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.' *Id.* at paragraph 7 of the syllabus. Therefore, post-*Foster,* trial courts are still required to consider the general guidance factors in their sentencing decisions. The trial court stated that it had considered Appellant's prior record when making its decision.

{¶ 15} "***

{¶ 16} "Appellant was convicted of a third degree felony. Accordingly, the trial court was permitted to utilize its discretion to sentence him within the range of one to five years incarceration for the third degree felony conviction. R.C. 2929.14(A)(3). Appellant was sentenced to five years incarceration. Accordingly, Appellant's conviction fell within the statutory ranges set forth in R.C. 2929.14."

{¶ 17} In the case herein, we find the trial court did not abuse its discretion in sentencing Appellant to eleven months in prison as the term was within the statutory range for Appellant's conviction, and the trial court properly considered the presentence investigation report and sentencing purposes.

{¶ 18} Appellant's sole assignment of error is overruled.  Appellant's sentence entered by the Muskingum County Court of Common Pleas is affirmed.


By: Hoffman, P.J.

Farmer and Edwards, JJ., concur.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

THE STATE OF OHIO,                          :
                                            :
    Appellee,                          :
                                            :
v.                                          :            JUDGMENT ENTRY
                                            :
LARRY MARKEY,                               :
                                            :
    Appellant.                         :            Case No. CT11-0016

For the reason stated in our accompanying Opinion, Appellant's sentence entered by the Muskingum County Court of Common Pleas is affirmed. Costs to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

s/ Sheila G. Farmer _____
HON. SHEILA G. FARMER

s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS