[Cite as *State v. Monk*, 2014-Ohio-2486.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W.  Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 14 CA 1 |
| DANIEL L. MONK | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Criminal Appeal from the Court of Common
                                Pleas, Case No. 10 CR 526

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         June 6, 2014

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

KENNETH W. OSWALT                     DANIEL L. MONK, PRO SE
LICKING COUNTY PROSECUTOR             Post Office Box 5500
20 South Second Street, Fourth Floor  Chillicothe, Ohio  45601
Newark, Ohio  43055

*Wise, J.*

{¶1} Defendant-Appellant Daniel L. Monk appeals the December 18, 2013, decision of the Licking County Common Pleas Court denying his Motion to Correct Sentence.

{¶2} Plaintiff-Appellee is the State of Ohio.

{¶3} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

{¶4} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R.11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."

{¶5} This appeal shall be considered in accordance with the aforementioned rule.

<u>STATEMENT OF THE CASE AND FACTS</u>

{¶6} Appellant was indicted on two counts of sexual battery and one count of contributing to the delinquency of a minor.

{¶7} On November 8, 2010, Appellant entered an initial plea of not guilty by reason of insanity. The trial court ordered a competency evaluation, and a hearing was scheduled for December 14, 2010. At Appellant's request, the hearing was then continued to January 3, 2011.

{¶8}    On January 3, 2011, Appellant moved the trial court to continue the trial set for January 5, 2011. Appellant also filed a motion to suppress on the same date. The trial court denied the motions.

{¶9}    On January 4, 2011, Appellant retained new counsel.

{¶10} On January 5, 2011, the date scheduled for trial, Appellant's new trial counsel moved the trial court to continue the jury trial. The trial court denied the motion. Appellant then entered a plea of no contest to the charges.

{¶11} On February 16, 2011, the trial court sentenced Appellant to three years incarceration on each count of sexual battery to run consecutively with a six month term on the one count of contributing to the delinquency of a minor charge, for an aggregate prison term of six years.

{¶12} Appellant appealed his sentence and conviction to this Court which, by Opinion filed November 4, 2011, affirmed. *See State v. Monk*, 5th Dist. Licking App. No. 11-CA-28, 2011-Ohio-5751.

{¶13} On July 23, 2013, Appellant filed a Motion to Correct Sentence.

{¶14} On August 6, 2013, the State filed its response in opposition, arguing (a) that the issues raised regarding merger and consecutive sentencing were barred by the doctrine of *res judicata*; (b) that the motion was in fact an untimely petition for post-conviction relief under R.C. 2953.21; and (c) the motion was substantively deficient.

{¶15} On December 18, 2013, the trial court denied Appellant's motion, stating that it did so "[f]or the reasons set out in the state's response…"

{¶16} Appellant now appeals, assigning the following error for review:

ASSIGNMENTS OF ERROR

**{¶17}** "I. WHETHER THE TRIAL COURT COMMITTED PREJUDICAL ERROR IN FAILING TO ABIDE BY THE SENTENCING PROVISIONS AS LEGISLATIVELY PROMULGATED.

**{¶18}** "II. WHETHER APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL."

I.

**{¶19}** In Appellant's First Assignment of Error, Appellant argues that the trial court erred in sentencing. We disagree.

**{¶20}** Specifically, Appellant challenges the trial court's failure to merge alleged allied offenses.

**{¶21}** As stated above, Appellant filed a direct appeal from the imposition of his sentence, which was affirmed by this Court in November, 2011. Then, on July 23, 2013, some 29 months after his sentence was imposed, he filed a pro se "Motion to Correct Sentence" and memorandum in support. Appellant essentially argued that he should not have received consecutive sentences, and that his convictions should have merged.

**{¶22}** Upon our review, we find Appellant's motion to correct his sentence should be construed as a petition for post-conviction relief and dismissed on the basis of *res judicata*, because Appellant could have raised his claims on direct appeal. As stated by the Supreme Court of Ohio in *State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967), paragraphs eight and nine of the syllabus:

**{¶23}** Under the doctrine of *res judicata*, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from

that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

{¶24} Based on the foregoing, we find that the trial court did not err by denying Appellant's motion to correct sentence. Accordingly, we find Appellant's First Assignment of Error not well-taken and overrule same.

II.

{¶25} In Appellant's Second Assignment of Error, Appellant argues that he was denied the effective assistance of counsel.

{¶26} In this assignment of error, Appellant seems to be arguing that he was denied the effective assistance of counsel at both the trial court level and the appellate level.

{¶27} With regard to any argument that his trial court counsel was ineffective, we find that this argument is barred by the doctrine of res judicata. Appellant did in fact raise this issue in his direct appeal from his sentence, and this Court found said argument not well-taken,

{¶28} As to Appellant's argument that his appellate counsel was ineffective, we find said issue is not properly before this Court. "Claims regarding ineffective assistance of appellate counsel are not cognizable in post-conviction proceedings brought pursuant to R.C. 2953.21." *State v. Love,* 11th Dist. No. 2007–L–030, 2007–Ohio–6256, ¶ 18, citing *Morgan v. Eads,* 104 Ohio St.3d 142, 2004–Ohio–6110, 818 N.E.2d 1157, ¶ 6. Such claims must be raised in an application for reopening filed pursuant to App.R.

26(B). *Morgan* at ¶ 7. Appellant cannot raise claims related to the ineffectiveness of his appellate counsel in these proceedings.

**{¶29}** Appellant's Second Assignment of Error is overruled.

**{¶30}** For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.


By: Wise, J.,

Gwin, P.J., and

Farmer, J., concur


JWW/d 0529

[Cite as *State v. Monk*, 2014-Ohio-2486.]